### KURSHEEDT MFG. CO. v. NADAY et al.

### SAME v. ADLER et al.

(Circuit Court of Appeals, Second Circuit. April 9, 1901.)

### Nos. 116 and 117.

PATENTS—INFRINGEMENT—PLAITING MACHINE.

Panse patent, No. 595,728, for a plaiting machine, in which the only patentable features are the peculiar shape of an undulating knife or blade, and the manner of permanentizing the shape of the fabric after it is plaited, and in which there is a vibratory motion of the knife and a step by step movement of the rolls, is not infringed by a machine which has neither of these movements, and in which the devices which produce plaits are totally different.

Appeals from the Circuit Court of the United States for the Southern District of New York.

These two bills in equity were brought in the circuit court for the Southern district of New York to restrain the respective defendants from the alleged infringement of letters patent No. 595,728, dated December 21, 1897, to Friedrich W. Panse, assignor to the complainant, for an improvement in plaiting machines. The machines used by each defendant were alike, and the cases proceeded to final hearing upon a single record. The bills were dismissed by the circuit court (103 Fed. 948), and the defendants in each case appealed to this court.

Arthur v. Briesen, for appellants.

Hector T. Fenton and Benno Loewy, for appellees.

Before LACOMBE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The object of the invention was an improvement upon a plaiting machine which would furnish wavy edges to plaited fabrics. The plaiting machine which the patentee described in his specification was the ordinary "side-plaiting" machine, for making flat plaits. Such a machine consists "essentially of a pair of parallel rolls adapted to be heated and arranged to be reciprocated, and which have a short up and down motion of a knife or blade arranged horizontally. The knife forms the plaits by a forward and upper motion, and the rolls are then reciprocated, and act to" make the plait permanent, which is what the patent calls "permanentizing" the plait. The alternate motion of the blade, by which it is entered

between the rolls and withdrawn from such position alternately, and the step by step rotary motion of the rolls, are described in the specification. The patented improvement consisted in giving to the blade of a side-plaiting machine, either straight-edged or saw-toothed, an edge which produced a wavy edge upon the plaits. The edge of the blade was provided with teeth, one set having convex outer edges, and the adjacent teeth having concave outer edges; "the convex and concave teeth being placed alternately, in order to produce a wavy-edge blade." For a more particular description of the teeth, the specification says:

"The undulations or waves in the edges of said blade are of such a depth as to enable the said blade to impart to the plaits which it makes in the fabric wavy edges corresponding in size and shape to the waves or undulations of the blade."

The specification also says (and the paragraph is deemed by the complainant to be important):

"It will be obvious that this waved edge or blade may be of any desired construction, and undulated or serrated in any manner to produce a wavy edge, and may co-operate with the devices other than the rolls here shown to effect the plaiting."

The patent contains two claims, of which the first only is said to have been infringed, and which is as follows:

"(1) In a machine for forming wavy-edged plaiting, the combination of a blade for forming the plaits, the plait-forming edge thereof being of a continuously undulating outline, and the waves in the edge being of such depth as to impart a wavy edge to the plaits, and means for permanentizing the plaits imparted to the fabric by the said edge."

The progress of the patent through the patent office was impeded by the persistence of the examiner in calling the attention of the applicant's solicitors to patent No. 122,137, dated December 26, 1871, to William M. Storm, for plaiting or "puffing" and "festooning" fabrics. The only teeth shown in the drawing of the patent are those for making puffs or festoons in a muslin skirt, and are quite irregular in height. The patent office required an amendment of the claims which should describe the construction of the waved edge of the blade. The requirement was complied with by the introduction of the words "the plait-forming edge thereof being of a continuously undulating outline," and the patent was issued. Although the defendants made much in their argument of the Storm and the Painter inventions, the latter being shown in patent No. 193,029, dated July 10, 1877, for a hand plaiter, which more closely approach to the Panse blade than do any other alleged patented anticipations, we think that the device of the patent in suit was a patentable, though narrow, improvement. The Painter device was a hand tool with one blade, which had "a long central upward curve and two half terminal curves," by the aid of which the fabric was bent into an undulating edge. The blade had not the peculiar convex and concave edges of the Panse blade, and never could produce its wavy-edged plaits. Panse's title as the originator of the improvement upon the previous irregularly toothed or upon straight-edged blades, which consisted in a blade with alternate concave and convex edges of such a depth as to impart to the plaits corresponding wavy edges, was not successfully attacked by any antic-

ipatory patent. His entire machine, as described in the specifica-
tion, consisted of an old side-plaiting machine with the new blade.
The defendants have adapted a serrated blade to a chain fluting ma-
chine,—a well-known machine for making flutes, which are longi-
tudinal parallel ruffles with round edges; the distinction between
plaits and flutes being that the former have angular edges and are
flat, whereas the latter have round edges and stand up. A chain
fluting machine consists essentially of a pair of endless parallel chains
passing around two opposite pairs of shafts; the chains having links
or blades pivoted thereto which intermesh together. The mode of
operation of the defendants' machine is shown in the written descrip-
tion of it furnished to the complainant by the defendants, as follows·

"The blades of the lower set or chain have curvilinear serrations on the
biting edge in order to impart a transverse plaiting effect to the plaits formed
thereby, as will be seen by inspecting Fig. 5, which is an exaggerated view of
such edge, while the upper set of blades, d, which mesh with the lower set
of blades, and the two acting together in a heated condition, permanentize
the plaits imparted to the fabric simultaneously with the formation of the
plaits. * * * The fabric is fed into the machine at the point marked 'p'
in Fig. 3, and is grasped between the moving chains of blades and given a
plaited serrated edge longitudinally with a curvilinear edge laterally, and is
carried along by the said blades until the two chains separate at the point
q, where the fabric is delivered. In its progress through the plaiting devices
the fabric receives longitudinal plaits with curvilinear edges, which plaits so
found are simultaneously permanentized by the heat and pressure of the
meshed blades which form the plaits, aided by the heat applied to both of
them."

Although flutes and flat plaits are different things, by this mech-
anism the rounded edges of the flutes are to a certain extent flattened
and are given a wavy appearance; and this result is produced by the
action of the serrated links or blades, and corresponds with the re-
sult in the side-plaiting machine. The round flutes have not become
perfectly flat plaits, but for the purposes of this case it can well be
assumed that the wavy result is in the two machines the same. The
question of importance is that of infringement, and is whether a com-
mon result is produced by substantially the same or by very different
means, and a substantially different mode of operation. The Panse
machine was a side-plaiting machine adapted exclusively to the pro-
duction of flat plaits, and in the machine a serrated blade having a
vibratory motion grasps the fabric, forms the plait, enters between
the rollers and withdraws therefrom, having cleared itself from the
fabric. The pressing and ironing rollers having a step by step rotary
motion, so that they can hold the fabric while the blade forms the
plait, carry the plaited fabric forward, and press the plait into perma-
nency. The serrated blade of the defendants' machine is one set of
the chain links, which have no vibratory or alternating forward and
receding motion. The chain links have no step by step motion, and
the two sets of links co-operate to make, heat, and press the flutes or
plaits by a simultaneous operation. It is only by giving a very wide
construction to the claim that the elements of the modified fluting
machine of the defendants can be included in the patented combina-
tion, because the means of the defendants do not create the result in
the way or by the mode of operation of the peculiar and distinguishing

devices of the side plaiter. The complainants lay stress upon the clause in the specification which has been heretofore quoted, to the effect that the waved edge of any desired construction may co-operate with devices other than the described rolls to effect the plaits. Of course, it is not supposed that by this language the combination of any waved blade and any pressing devices which will accomplish the result can be properly claimed, but the complainants desire by a dexterous use of language to make the defendants' means sufficiently analogous to the described means to justify the charge of infringement. The two machines are so unlike each other in the mode in which they respectively operate (that is, in the combination of devices which produce a plait in one and a flute in the other) that infringement of the complainants' patent does not exist.

The decree of the circuit court is affirmed, with costs.